Filed 12/23/14  P. v. Noussias CA2/1

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS NOUSSIAS,<br><br>Defendant and Appellant. | B253212<br><br>(Los Angeles County<br>Super. Ct. Nos. NA096290 &<br>NA081603) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Arthur Jean, Jr., Judge.  Affirmed.

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

From 1982 to 2007, appellant Nicholas Noussias suffered 12 criminal convictions, three of them for serious or violent felonies and the last three for possession of controlled substances. He served six prison terms and six jail terms in that period and violated probation and parole multiple times. In November 2009, appellant pleaded no contest to two counts of failing to register as a sex offender (the registration requirement arising from a 1982 conviction for forcible rape) and was sentenced to six years in prison, the term suspended pending completion of five years of formal probation.

In July 2013, appellant was arrested outside a residence for possession of 0.93 grams of methamphetamine that was found on a dresser in the residence. (Health & Saf. Code, § 11377, subd. (a).) At trial, the defense was that insufficient evidence tied appellant to the residence, a converted garage, and thus to the methamphetamine. The address listed on appellant's driver's license was different from that of the garage and no paperwork, such as a bill or letter, or other property traceable to him was found there. The only evidence linking appellant to the garage was his admission to police months earlier that he lived there. The jury reached a guilty verdict after 72 minutes of deliberations.

The trial court found appellant to be in violation of his probation and sentenced him to 32 months in prison on the possession charge, the term to run concurrently with his reinstated six-year sentence. Appellant was credited with 230 days on both sentences (115 days in custody and 115 days good time/work time).

Appellant filed a timely appeal. We appointed counsel to represent him, who after examining the record filed an opening brief raising no issues and asking this court to review the record independently. On September 23, 2014, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. He has not responded.

We examined the record and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende* (1979) 25 Cal.3d 436, 441.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                                         CHANEY, Acting P. J.

We concur:


JOHNSON, J.


BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.